### SILLECK v. ROBINSON et al.

(Supreme Court, Appellate Term. March 5, 1908.)

TRIAL—INSTRUCTIONS—APPLICABILITY TO ISSUES.

    In a suit on a note given for lumber, there was a dispute as to whether the note was delivered under the contract for purchase of the lumber, providing for an extension of payment until the building was completed, or was independent of such contract. The building was concededly short of completion. *Held*, that an instruction that the amount was due for lumber furnished when the note was given was erroneous as withdrawing from the jury an issue in the case.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, §§ 587–595.]

Appeal from City Court of New York, Trial Term.

Action by Henry G. Silleck against Isidor Robinson and another. From a judgment for plaintiff, and an order denying a new trial, defendant Isidor Robinson appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and MacLEAN, JJ.

Morris H. Hayman, for appellant.

Paul M. Crandall, for respondent.

BISCHOFF, J. The plaintiff furnished lumber to the defendants in the erection of a building under an agreement which postponed payment for a certain portion of the value to the time of completion of the

structure. The note in suit was given for lumber supplied; but there was a dispute whether the instrument was delivered pursuant to the contract, which provided for an extension of payment until the building was completed, or whether the understanding was, as the plaintiff claimed, that the transaction was independent of the written agreement. This being the issue, the court nevertheless charged the jury that the amount was due for lumber furnished when the note was given, and declined to withdraw that instruction when, at the close of the whole charge, the error was duly pointed out. The statement by the court that the amount was due, reaffirmed at the end of the charge, necessarily withdrew from the jury the very question at issue, since if the note was given under the agreement the amount was not due; the building having been concededly short of completion. The submission to the jury of the facts claimed by the defendants, qualified by this inconsistent statement that the amount was due, could not well have resulted in any verdict other than that rendered in favor of the plaintiff, and thus the error was obviously prejudicial.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.